ORIGINAL

1   **DELLA ROSHAWN RICHARDSON**
2   P.O. BOX #452926
3   Los Angeles, CA  90045
    213-909-4364
4
5   **PLAINTIFF,**
    *In Pro Se*
6

7               **UNITED STATES DISTRICT COURT**
8       **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
9

10                                     Case No. **CV10 5742 · RGK(CW)**

11  DELLA ROSHAWN RICHARDSON,          **VERIFIED COMPLAINT**

12                                     **(FILED AS A RIGHT)**

13                                     **(1) FIRST AMENDMENT**
                                       **(2) SECOND AMENDMENT**
14                        Plantiff,    **(3) THIRD AMENDMENT**
                                       **(4) FOURTH AMENDMENT**
15                                     **(5) FIFTH AMENDMENT**
                                       **(6) TENTH AMENDMENT**
16  v.                                 **(7) THIRTEENTH AMENDMENT**
                                       **(8) FOURTEENTH AMENDMENT**
17                                     **(9) SEVENTEENTH AMENDMENT**
                                       **(10)  TWENTY-EIGHTH**
18                                     **        AMENDMENT**
    CITY OF LONG BEACH, et al.,        **(11)   U.S.C. §§ 241-242 & 245**
19  FORMER CHIEF OF POLICE             **(12)   CA PENAL CODE § 149**
    ANTHONY BATTS, OFFICER URIBE J.    **(13)   CA GOV. CODE § 815.2**
20  LORENZO, OFFICER ANDREA D.         **(3) EQUAL PROTECTION DUE**
    ALLEN and DOES 1 through 10,       **PROCESS**
21  inclusive                          **CALIF. CIVIL CODE §§ 51.7, 52.1**
                                       **ASSAULT AND BATTERY**
22
                                       **[DEMAND FOR JURY TRIAL]**
23                       Defendants.
                                       Date:
24                                     Time:
                                       Dept:
25

26                       **JURISDICTION AND VENUE**

27      1.   I the Plaintiff, DELLA ROSHAWN RICHARDSON, bring this action for declaratory

28  relief, injunctive relief and damages under 42 U.S.C. Sec 1983; Federal Law Title 18 of the United

ORIGINAL

8/3/2010 9:50:59 AM  Receipt #: 147436
        Cashier : KPAGE [LA 1-1]
Paid by: DELLA ROSHAWN RICHARDSON
2:CV10-05742
2010-086900        5 - Civil Filing Fee(1)
Amount :                            $60.00
2:CV10-05742
2010-510800        11 - Special Fund F/F(1)
Amount :                           $150.00
2:CV10-05742
2010-086400        Filing Fee - Special(1)
Amount :                           $100.00
Cash  Payment :                     350.00

1   States Code, 241-242; the First, Second, Third, Fourth, Fifth, Eighth, Tenth, Thirteenth and

2   Fourteenth Amendments to the United States Constitution; Article I, Sec's 1.  Among these are

3   enjoying and defending life and liberty, acquiring, possessing, and protecting property, and

4   pursuing and obtaining safety, happiness, and privacy, of the California Constitution; and

5   California Civil Code sec. 51.7 & 52.1 (tried to shut her up by treating, intimidating or coercion

6   [she could ask for $25,000 from all officers involved].  Jurisdiction lies under 28 U.S.C. Sec.'s

7   1331, 1343, and 1367.

8       2.   Venue is proper in the Central District of California under 28 U.S.C. Sec. 1391(b).

9   Defendants reside in the Central District, and the acts or omissions complained of herein have

10  occurred in the Central District.

11                              **FACTUAL BACKGROUND**

12      3.   On August 2, 2009, I, Della Roshawn Richardson, the plaintiff in this matter was

13  shopping at Payless Shoes, near the Promenade and Wal Mart Department Store on 5th Street in

14  Long Beach, California near the Promenade when I saw people crowding in the streets yelling at

15  Long Beach Police Officers who were using excessive force to detain another African-American

16  female, Ranee Hosea, hereinafter referred to as "HOSEA."  When I exited the store, I saw the

17  woman being beaten by Police Officers and then slammed to the ground.  When the officers

18  slammed her down, she was laying in the gutter with her head pointing northbound as officers

19  proceeded to arrest her.

20      4.   I immediately began taking photographs of the incident from the northwest side of the

21  street on my cellular phone as police officers were on the southwest side directly in front of me.

22  The police officers began to mock me acting as though they were taking my photograph as they

23  were laughing.  I walked around the officers and crossed the street to the moving to the northeast

24  side of the street so that I could take further photographs.  A police car was in front of Hosea to

25  block anyones view of her so I then walked back around the officers to the further southwest side to

26  continue photographing with a better camera shot to record the incident. All of a sudden, four

27  police officers, who never said anything to me, started walking towards me, attacked me and began

28  pushing my face into the ground while one of them yelled out, "This is how *we* do it you Black

bitch!  This was a discriminatory racial slur made to intimidate me.  As pursuant to California Civil Code §52.1(a) which states:

> If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured... [I]f this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated.

5.    Racial discrimination against persons of any race constitutes race discrimination, which is illegal in the United States and most other countries.  According to the law, citizens are guaranteed their constitutional right to life – racial discrimination against a person violates that right.

6.    In 1964, the Civil Rights Act, known primarily for outlawing segregation, was extended to prohibit race discrimination on any level or any setting.

7.    After the officers tackled me down to the ground, one of them wrapped a black rope around my legs as my dress was pulled over my head.  At this point, my teeth were bleeding from the officers pushing my head into the ground.  One of the officers said, "You're fucking blood is on my shoe!"  By this the officer was trying to intimidate me.  As pursuant to California Civil Code Section 51.7(a), I, as a person within the jurisdiction of this state, have the right to be free from any violence, or intimidation by threat of violence, committed against my person or property because of political affiliation.

CCC §51.7:

a)   All persons within the jurisdiction of this state have the right to be free from any

violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. **The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.**

8.   My jewelry and cell phone were scattered all over the ground when the officers threw me into the back of the police car as one of them said, "You should have minded your own fucking business – now you're going to jail."

9.   When the officers brought me to the police station, they took my purse (with was made similar to a backpack) off of my back. I asked one of the officers for my purse, he told me that I could not have it, and when I told him that I wanted to make a call to a lawyer because I was a member of prepaid legal services, they told me that I could not call my lawyer. All the while they never read me my Miranda rights, thus violating my Fifth, Sixth and Fourteenth Amendment rights – specifically by depriving me of my property without due process of law. They took my purse and cell phone then denied my right to Assistance of Counsel for my defense and equal protection of the laws.

10.  Therefore my rights were not protected because I was violated by the very people who are hired to protect them - THE LONG BEACH POLICE DEPARTMENT hereinafter referred to as the "LBPD". I was not treated with fairness and respect for my privacy and dignity, the force used by police officer was inflicted upon me to intimidate, harass and abuse me as punishment for taken photos on my cellular phone of the police beating Hosea and to cover up any investigation that may have stemmed from that incident.

11.  I felt that I posed no threat to the Police Officers whose unscrupulous behavior was uncalled for. I later concluded that I was victimized because I was taking photographs of the incident in progress.

12.  The pure fact that one of them stated that they used excessive force because one of the officers felt my arm tense up is an unmitigated ruse. I was assaulted and ill treated against by

1   officers who used excessive force and violated my 8th Amendment and human rights by subjecting

2   me to, and inflicting me with, cruel and unusual punishments.

3       13.  The use of excessive force by these officers is a criminal act.  It is in fact a type of

4   white collar crime.  I was hog-tied by four officers.  Hog-tying is known to be dangerous because it

5   is known to cause heart attacks due to positional asphyxia, but the officers in this case disregarded

6   my safety.

7       14.  One of the ways in which this case is applicable to white collar crime is that it is

8   representative of Friedrichs' (1996) three attributes of trust, respect and power.  After this incident,

9   I have lost all trust, respect and view of the LBPD.  The LBPD in this instance had an obligation to

10  perform their duties with honor and integrity – which they did not.  Now, I, as a citizen of the

11  United States, and resident of Los Angeles County, have a great fear for the Police and I should not

12  be afraid of law enforcement officials if this is truly a free democratic society.

13      15.  It is my understanding that Police Officers should hold a degree of respectability

14  because they are enforcers of the law, however, these officers immorally and without integrity used

15  the outward appearance of their superior status and authority to cover-up the police brutality that I

16  was photographing on my cellular phone by using excessive force to detain and falsely imprison

17  me, after which they falsified legal documents to substantiate their position.

18      16.  Furthermore, brutalizing the public in a free society is a clear example of abuse of

19  power.  It is clear in the police report provided by the LBPD that there was a crowd of people

20  yelling at the Police Officers as they continued to beat Hosea.

21      17.  The same crowd-of-people was there when they singled me out to say that I was jay

22  walking, but that was not the case at all – the pretext for the LBPD's actions toward me was the

23  intent to confiscate my cellular phone.

24      18.  Rather than isolating and dealing with the small number of people who were

25  purportedly yelling at the Police Officers, LBPD declared the entire gathering a "PROTEST".

26  There was no lawful justification for the police actions towards me because I was not committing a

27  crime when the police officers approached me.  When the officers tried to approach me, I was still

28  in the process of photographing to make sure that I captured a picture of the officers and their

1  badges.  As they walked closer to me I began to walk backwards to make sure that my photo

2  captured everything i.e., their names and badge numbers.

3        19.  I was also in fear of my life because 1) I had just witnessed the police officers in

4  question beating Hosea and 2) I knew they were coming towards me for my cellular phone and I

5  didn't know what they were going to do to me.  Instead of acting in a lawful manner, defendants

6  acted unlawfully, creating a climate of fear and chaos that compounded the violations of my

7  human, Constitutional and Civil rights.

8        20.  Officers in this matter abused their power by slamming my face into the ground, hog-

9  tying and throwing me into the back of a patrol car, then falsely reported the incident in order to

10  keep themselves from being investigated.  At no time during this arrest did anyone read me my

11  Miranda rights.

12        21.  When the officer took my purse, I told him that I was a part of pre-paid legal and ask

13  them if I could call for Attorney assistance, the officer said, "NO."

14        22.  The LBPD's actions to apprehend and detain me resulted in violations of my Federal,

15  Civil and Constitutional rights.

16        23.  The first of these violations concerned the eighth Amendment.  The eighth Amendment

17  prohibits the imposition of cruel and unusual punishment and the Federal Law Title 18 of the

18  United States Code, Section 241-242 re "Conspiracy Against Rights & Criminal Liability of

19  Deprivation of Civil Rights"

20        24.  I was also deprived of my First, Second, Third, Fifth, Tenth, Thirteenth Fourteenth and

21  Twenty-Eighth Amendment rights.  This states that no person shall be deprived of life, liberty, or

22  property, without due process of law; nor should any person within its jurisdiction be denied the

23  equal protection of the laws.  I was not granted equal protection of the laws and was the helpless

24  victim of the officers' violating my free speech rights and subjecting me to false imprisonment,

25  wrongful arrest, malicious abuse of power/process and excessive use of force..

26        25.  The purported reason for using force to detain me is unclear.  What was the crime that I

27  supposedly committed?  In fact, the LBPD never issued a citation or anything for my arrest, they

28  simply arrested me for resisting arrest, but arrest from what is what's not been made clear.  Instead,

1  the LBPD allege they had cause to do what they did to me because I resisted arrest.  I was not

2  resisting arrest but rather resisting having my Civil, Federal, and Constitutional rights violated.

3      26.  The pretext for the increased police presence was to address a small group of

4  "protestors" who were "yelling" at the police but in reality the deliberate intention of the LBPD

5  was to break up a lawful gathering where a small group of people were witnessing police brutality

6  and expressed their dismay hence the term "protest", they were simply protesting what the police

7  was doing to this woman. The police could readily have isolated this small group and removed

8  them from the scene.  Instead, they singled me out and rushed me to the ground to confiscate my

9  cellular phone.  At this point in time, no dispersal order had been given, and no attempt was made

10  to isolate the crowd and permit the lawful assembly to continue.  Instead, the LBPD used an

11  unwarranted and unlawful show of force against me to intimidate me into foregoing the lawful

12  exercise of my human rights.  The superfluous actions of the officers were exemplified when they

13  grabbed me, shoved my face into the ground, and hog-tied me as my dress was pulled over my

14  head causing me to be publicly humiliated.

15      27.  There was no probable cause or reasonable suspicion to believe that I posed an

16  immediate or credible threat of injury to police or any other person.

17      28.  The LBPD officers deliberately singled me out because I was attempting to report on

18  the actions of the police, so they subjected me to, and inflicted me with, the same brutal force as

19  was directed to Hosea.

20      29.  I am informed and believe and on that basis allege that the conduct complained of

21  herein was undertaken pursuant to the policies, practices and customs of the LBPD, an agency of

22  the City of Long Beach, and the City of Long Beach and ratified by defendants.

23

24  **THE SETTLEMENT AGREEMENT IN NATIONAL LAWYERS GUILD**

25      30.  In June, 2005, the City of Los Angeles entered into a settlement agreement in National

26  Lawyers Guild, et al. v. City of Los Angeles, et al. CV 01-6877 FMC (Cwx), an action arising from

27  the disruption of lawful assemblies and use of unlawful force, including the use of less-lethal

28  munitions, during the Democratic National Convention ("DNC") in Los Angeles in 2000 and a

1  subsequent demonstration on October 22, 2000.  The settlement provided for six changes in the

2  policy and practices of the LAPD as applied to demonstrations.  Some of those provisions were

3  violated in this instance.

4      31.  Under the terms of the settlement in National Lawyers Guild, demonstrators, while

5  participating in lawful assemblages, are not to be prevented from using public sidewalks adjacent

6  to a lawful gathering.

7      32.  The terms of the settlement also expressly provide that prior to declaring an unlawful

8  assembly, the LAPD Incident Commander should evaluate the feasibility of isolating and arresting

9  those responsible for any unlawful conduct, and if feasible, shall take such action.

10

11  **RELIEF SOUGHT**

12      33.  This action seeks declaratory and injunctive relief restraining the Long Beach Police

13  Department ("LBPD") from using excessive force and disrupting the exercise of First Amendment

14  rights in public assemblies through the unlawful dispersal of permitted assemblies, unreasonably

15  using and unreasonably threatening to use excessive force to disperse a crowd, verbal abuse,

16  unreasonable use of restraints notably a hog-tie to tie me up, unreasonably use of forms of physical

17  force against a civilian observing a crime, all without any warning and/or sufficient time to comply

18  with the patently unlawful order to disperse which should have been given.  Even if there were

19  some arguable justification for declaring an unlawful assembly in this instance – and there was not-

20  the police actions on August 2, 2009 violated the law in every possible respect.

21      34.  My bodily injuries included, but were not limited to having my faced pounded into the

22  ground, when there was no need for the officers to physically assault me by use of this type of

23  force.  After I attempted to photograph the incident and leave the scene and/or disperse from the

24  area, I was physically injured then publicly humiliated by the officers holding my dress over my

25  head so they could hog-tie me after I observed and photographed the activities of the misconduct of

26  the police which included the beating of Hosea.

27      35.  This action also asks for damages to compensate me for violations of my First, Second,

28  Third, Fourth, Fifth, Seventh, Tenth, Thirteenth, Seventeenth and Twenty-eight Amendment rights

(and corollary state rights), caused by policies, practices and customs of the LBPD and the City of Long Beach.  I seek to represent myself as I was a peaceful passerby lawfully enjoying the use of the Promenade and was not affiliated with said "protest," but was injured after the LBPD purportedly declared that there was an assembly taking place that they later noted as an unlawful "protest".  They used force against me and injured me while I attempted to photograph and disperse a hostile environment.

36.   Title 18, U.S.C., Section 241 "Conspiracy Against Rights" makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same. Section 242 makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the United States. This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race. Section 245 (3)"Federally Protected Activities" prohibits willful injury, intimidation, or interference by force against any person he/she is or has been, or in order to intimidate such person or any other person or class of persons from participating or affording others the opportunity or protection to so participate, or lawfully aiding or encouraging other persons to participate in any of the benefits or activities listed in this section without discrimination as to race, color, religion, or national origin.

37.   The pretext for the LBPD's actions was the purported behavior of a small number of individuals who reacted to the sudden beating of Hosea and the sudden presence of officers who also did not want their badges shown on the photograph so they jumped me as a safeguard to keep their identities obscure in violation of California Penal Code Section 830.10 – with what had been a peaceful and lawful assembly for nearly an hour before the appearance of the officers along the Promenade on the northwest side of the street.

VERIFIED COMPLAINT

38. Another pretext for the LBPD's action was to confiscate my cellular phone to cover-up the misconduct by the officers. I posed no harm to any police officer or civilian, at worst the crowd was only yelling at the officers for their misconduct which resulted in the officers labeling them as "protestors". The LBPD had repeated opportunities to isolate and extract people, had they wanted to do so.

39. Rather than isolating and dealing with the small number of people who were purportedly yelling at the LBPD officers, the LBPD declared the entire gathering an "unlawful protest" and ordered officers to attack me because I was photographing on my cellular phone. There was no lawful justification for the failure of defendants to provide ample notice of an order to disperse, unlawful as it may have been, directions as to how to disperse and adequate opportunity to comply voluntarily with the dispersal order were never given. Instead of acting in a lawful manner, defendants acted unlawfully, creating a climate of fear and chaos that compounded the violations of my rights.

40. The pretext for this increased police presence was to address a small group of demonstrators who were "yelling" at the police but in reality the deliberate intention of the LBPD was to break up a lawful demonstration. The police could readily have isolated this group and removed them from the Promenade. Instead, the police pushed the supposed "protestors" aside and came after me. As I continued to take pictures I simply stood on the side of the street, behind the sidewalk. As they came near me, I back-up only a few steps slowly to capture their names and badges on photograph, the officers used excessive force to deliberately shove my down to the ground.

41. With approximately 12-15 officers at hand, the LBPD outnumbered me nearly 15 to 1, yet no attempt was made to peaceably ask me to leave and refrain from photographing. Instead, the LBPD used an unwarranted and unlawful show of force against me to intimidate me into foregoing the lawful exercise of my First Amendment rights.

## MONELL ALLEGATIONS

42. The City, through Former Chief Police Anthony Batts (who transferred in the latter part

1   of 2009) and the Long Beach Police Department, has failed to train its officers in the permissible

2   use of force even after allegations of police brutality have unleashed a war of words between Long

3   Beach officials and ousted Former Chief Lawrence L. Binkly, who testified in Federal Court that

4   City Officials prevented him from disciplining officers who used excessive force.  After being fired

5   in January of 1992, Binkly testified on April 16 1992 in a civil case in U.S. District Court about the

6   resistance he met from the police union and City Hall when he tried to discipline officers.  The

7   need for training is obvious.  Yet the City has failed to promulgate policies effectuating the terms

8   of any settlement agreements made between the City and citizens who have become victims of

9   police brutality - disregarding the need to train its command staff and its officers on the revised

10  policies, if any exist.

11      43.  Former Police Chief Batts, as well as those members of his command staff officers to

12  whom he delegated his responsibility to enact and implement lawful policies on the declaration of

13  an unlawful assembly and the use of excessive force are aware of the unlawful policies, practices

14  and customs of the City and the LAPD which resulted in the settlement in *National Lawyers Guild*

15  *v. City of Los Angeles in June, 2005.*  Moreover, Chief Batts and his delegated command staff are

16  aware that the use of force to break up lawful protests is a custom so ingrained in the marrow of

17  both the LAPD & LBPD that it was critical to take all steps necessary to ensure that official policy

18  was implemented in a manner sufficient to address the deeply rooted custom to violate First

19  Amendment rights in the specific ways identified in the *National Lawyers Guild* settlement

20  agreement.  The failure to take such steps directly lead to the injuries, humiliation and false

21  imprisonment I suffered.

22      44.  The City paid more than $4,000,000 in damages as a result of these same unlawful

23  practices during the DNC.  Subsequent to the DNC, the City paid nearly $1,000,000 for injuries

24  arising from the use of less-lethal weapons during a permitted demonstration on October 22, 2000.

25  Prior to the DNC, the City paid nearly $2,000,000 in damages arising from the dispersal of

26  peaceful demonstrations through force and intimidation.  In all of its actions, the City of Long

27  Beach has acted with deliberate indifference to the rights of the public to engage in lawful

28  expressive activity in traditional public for and within the City.

45. Despite its knowledge that the LAPD & LBPD has had a history of unlawful conduct at demonstrations, and its knowledge that there has been a traditional lack of training of the LAPD & LBPD line and command staff on proper law enforcement conduct at demonstrations, and its agreement in the *National Lawyers* Guild case, supra, regarding the use of force at peaceful demonstrations, the City failed to adequately train its officers and command staff in, among other things, the rights of demonstrators, lawful crowd control, separating those engaged in unlawful conduct from those engaged in lawful conduct, the permissible use of force and circumstances justifying it in such situations. This failure amounted to deliberated indifference to my rights as the police came into contact with me, and constituted a conscious choice by the City not to properly train its law enforcement personnel on these issues.

46. On information and belief, Chief Batts delegated final responsibility and authority to persons within his command staff to act as the final policy maker at the incident herein stated to decide whether to declare the assembly unlawful and whether to use force. The persons who made these decisions acted as the delegated policy maker for the City of Long Beach on these issues. There was no time, opportunity or procedure for anyone to review or revise the decisions made by these delegated policy makers prior to their final implementation.

### COMMON ALLEGATIONS

47. Defendants improperly declared the assembly a "protest". All with the possible exception of but a handful of people assembled in the crowd did so peaceably. The few protestors who verbally criticized the police did not present sufficient, if any, justification for declaring the assembly unlawful or justify defendants' infringement of the First Amendment rights of the vase, peaceful majority. All force used to disperse the crowd after defendants improperly declared the assembly unlawful was illegal because said force was a proximate result of an illegal, unconstitutional false arrest.

48. I am informed and believe and thereon allege that defendants declared the gathering a "protest," and used force upon myself as a peaceful participant. These officers singled me out because I was photographing the incident for the purpose of interfering with my First Amendment

1   rights.

2       49.  I am informed and believe and thereon allege that, in declaring the gathering as a

3   "protest," and ordering the crowd to disperse using force upon myself as a peaceful participant, and

4   singling me out for taking such photographs, defendants engaged in content-discrimination and

5   viewpoint-discrimination.  Defendant's actions were motivated and influenced by the political

6   content, message, and viewpoint of said photographs, or by defendant's perception of the political

7   content, message and viewpoint of said photographs.  Defendants treated me less favorably than

8   others who were scared to give a true account/report of the incident i.e., has a different content,

9   message and viewpoint.

10      50.  Assuming the approach of the officers was legally justified under all of the facts and

11  circumstances, there was no order given by the officers for me to stop – they just assaulted me.

12  The officers never told me to stop until well after they attacked me.  As deficient as the order was,

13  the order failed to specify why they had to assault me, especially when they never had a reason to

14  stop me, they never read me my Miranda rights and I was not charged with anything.  The order

15  failed to specify how I, as a peaceful passerby, was to disperse.  It also failed to give me sufficient

16  time or opportunity to disperse.  All force used on me was unreasonable because defendants failed

17  to provide me with sufficient time and opportunity to disperse.

18      51.  Assuming that the dispersal order was lawful, and that defendants provided me with

19  sufficient time and opportunity to disperse, the use of force was nonetheless unlawful because I

20  never presented any threat to the police, or any other person.  I was not committing any act which

21  would justify any use of force.  All force used on me was unreasonable because I did not present

22  any threat justifying the use of any force.  I was arrested but no charges were brought against me

23  other than the fact that they say I was resisting arrest - but assisting arrest for what has not been

24  made clear to this day.

25      52.  Defendants' use of force against me was unreasonable because defendants used force

26  indiscriminately, including slamming my face into the ground, hog-tying me while my dress was

27  up over my head, using discriminatory racial slurs i.e., verbal abuse and throwing me into the patrol

28  car, all without any individualized justification for the use of such force.

VERIFIED COMPLAINT

53. Defendants' use of force was unreasonable because defendants gave no warning before using force, including slamming my face into the ground. They just walking towards me and assaulted/jumped on me.

54. The defendant's use of force was unreasonable because they improperly detained me by assaulting/jumping on me in an improper and unreasonable manner claiming that I was resisting arrest. California Penal Code 149 states:

> Every public officer who, under color of authority, without lawful necessity, assaults or beats any person, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment.

55. The constitutional standard for arrest is Probable Cause. The officers arrested me without probable cause. Probable cause exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to conclude the I had committed, was committing, or was about to commit a crime. However, I was not doing anything other than taking photographs of the incident, I posed no physical threat to the officers and I was not about to do anything to them. Therefore, the defendants improperly detained and arrested me.

56. As a result of defendant's actions, I was deprived of my First, Second, Third, Fifth, Eighth, Tenth, Thirteenth Fourteenth and Twenty-Eighth Amendment rights (corollary state law rights) and physically and emotionally injured because they hog-tied me while my dress was over my head, indecently exposing me in a humiliating fashion.

57. I am informed and believe and thereon allege that the LBPD officers acted in accordance with orders given by supervisors from the highest command positions, in accordance with policies and procedures instituted by the LBPD and the City of Long Beach.

58. I suffered injury when the defendants arbitrarily and capriciously singled me out, assaulted me using the same practice of excessive force as in the incident that I was recording on my cellular phone. The LBPD officers slammed my face into the ground busting up my mouth and nose. I was further humiliated when they pulled my dress over my head and hog-tied me. The action of the Defendants has interfered with my right to speech and press. I feel that the officers

1   will repeatedly continue to use excessive force on other civilians who try to photograph and/or

2   videotape such incidence when they occur absent injunctive relief to prohibit the practices, policies

3   and customs of the LBPD that resulted in the police officers actions against me on August 2, 2009

4   at 195 West Promenade, Long Beach, California. For all causes aforementioned, I seek injunctive

5   and declaratory, relief.

6           59.    At all times relevant hereto Anthony Batts was the Chief of Police of the Long Beach

7   Police Department at the time. I am informed and believe and thereupon allege that Chief Batts

8   was responsible for the development, establishment and/or implementation of the procedures,

9   policies, regulations, practices and/or customs of the LBPD with respect to the implementation of

10  the settlement *in National Lawyers Guild v. City of Los Angeles*, and its use of force in response to

11  political protests. Upon information and belief, I further allege that at all times relevant hereto,

12  Chief Batts participated in, approved, and/or ratified the unconstitutional or illegal acts complained

13  of herein. Additionally, upon information and belief, I allege that Chief Batts failed adequately to

14  train, supervise and monitor the actions of officers assigned to protest and/or riot details, or to

15  promulgate adequate policies and regulations to prevent the unlawful acts complained of. I sue

16  Chief Batts in both his official and personal capacity.

17          60.    Defendant Anthony Batts was deputy chief of police with the LBPD on August 2, 2009

18  and served as the Commanding Officer of Central Bureau. Defendant Batts is sued in his official

19  and individual capacities. He was tasked with supervising the incident. At all times relevant

20  herein, Batts was acting under color of state law.

21          61.    Defendant's and officer's Uribe J. Lorenzo and Andrea D. Allen with the LBPD who

22  was assigned to the incident involving Hosea and myself on August 2, 2009 were the Incident

23  Commanders at the incident. They are sued in their official and individual capacities. Officer

24  Lorenzo and Allen were both tasked with making decisions regarding the deployment of officers,

25  as well as the decision to declare an unlawful assembly. Officer's Lorenzo & Allen were acting

26  under color of state law.

27          62.    Defendant City of Long Beach is a municipal corporation duly organized and existing

28  under the laws of the State of California. The LBPD is an agency of the City of Long Beach, and

1  all actions of the LBPD are the legal responsibility of the City.  The City of Long Beach is sued

2  both in its own right and on the basis of *respondeat superior*, under California Government Code

3  section § 815.2

4       63.  I am ignorant of the true names and capacities of defendants sued herein in DOES 1

5  through 10, inclusive, and therefore sue these defendants by such fictitious names.  I will amend

6  this complaint to allege their true names and capacities when ascertained.  I am informed and

7  believe and based thereon allege that defendants DOES 1 through 10 are responsible in some

8  manner for the damages and injuries hereinafter complained of.

9       64.  I am informed and believe and thereupon allege that at all times relevant hereto Chief

10  Batts, Officers Uribe J. Lorenzo and Andrea Allen and DOES 1 through 15 were the agents,

11  servants and employees of defendant City of Long Beach, and were acting at all times within the

12  scope of their agency and employment and with the knowledge and consent of their principal and

13  employer, the City of Long Beach.  At all times herein, defendants and DOES were acting under

14  the color of state law.

15

16                           **FIRST CLAIM FOR RELIEF**

17                    **FREEDOM OF SPEECH AND ASSOCIATION**

18                    (1st and 14th Amendments, 2 U.S.C. Section 1983)

19       65.  I hereby reallege and incorporate by reference as if fully set forth herein the allegations

20  set forth previously and subsequently in this complaint.

21       66.  The actions of the defendants, as set forth above, violated my right to freedom of

22  speech/ press and association guaranteed by the First Amendment of the United States Constitution.

23       67.  As a proximate result of the wrongful, malicious and violent acts of defendants, and the

24  fright caused to me, I suffered physical injuries and experienced shock and injury to the nervous

25  system and were injured in my health, strength and activity, suffering extreme and severe mental

26  anguish and physical pain, anxiety, humiliation and emotional distress.

27       68.  By reason of the aforementioned acts and omissions of defendants and the City of Long

28  Beach, I have incurred and will incur in the future, medical and related expenses, past and future

1  lost earnings, loss of property and other special and general damages, in an amount according to

2  proof, but in excess of the jurisdictional limits of this court.

3        69.  In doing the foregoing wrongful acts, defendants, and each of them, acted in

4  intentional, reckless and/or callous disregard for my constitutional rights.  The wrongful acts, and

5  each of them, were willful, oppressive, fraudulent and malicious.

6                             **SECOND CLAIM FOR RELIEF**

7                               **EQUAL PROTECTION**

8                    (1st and 14th Amendments, 42 U.S.C. Section 1983)

9        70.  I hereby reallege and incorporate by reference as if fully set forth herein the allegations

10  set forth previously and subsequently in this complaint.

11        71.  The actions of the defendants, as set forth above, violated my right to equal protection

12  of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution.

13        72.  Defendants intentionally targeted me and applied a degree of force to a First

14  Amendment activity.

15                              **THIRD CLAIM FOR RELIEF**

16                               **EXCESSIVE FORCE**

17                    (4th and 14th Amendments, 42, U.S.C. Section 1983)

18        73.  I hereby reallege and incorporate by reference as if fully set forth herein the allegations

19  set forth previously and subsequently in this complaint.

20        74.  The conduct of each defendant violated the right for me to be secure in home, person,

21  and effects against unreasonable searches and seizures and not to be subjected to the use of

22  excessive force, as guaranteed by the Fourth and Fourteenth Amendments to the United States

23  Constitution, and entitles me to bring suit and recover damages pursuant to 42 U.S.C. Section 1983.

24        75.  There was no lawful justification for defendant's use of force against me, or the

25  putative crowd, all of whom had a fundamental constitutional right to be present at time, to observe

26  the police response, without being subjected to a violation of their rights to be free from unlawful

27  seizure and the use of excessive force.

28                        **CLAIM FOR RELIEF-DUE PROCESS**

1                        (14th Amendment, 42 U.S.C. Section 1983)

2        76.  I hereby reallege and incorporate by reference as if fully set forth herein the allegations

3 set forth previously and subsequently in this complaint.

4        77.  The actions of the defendants, as set forth above, shock the conscience and violate my

5 rights to due process of law guaranteed by the Fourteenth Amendment of the United States

6 Constitution.

7                 **THREATS, INTIMIDATION OR COERCIION**

8                          **EXCESSIVE FORCE**

9                     (Civil Code Section 52.1)

10       78.  I reallege and incorporate by reference as if fully set forth herein the allegations set

11 forth previously and subsequently in this complaint.

12       79.  The defendants by their conduct interfered by threats, intimidation, or coercion, or

13 attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of my

14 rights as secured by the First, Fourth and Fourteenth Amendments to the United States Constitution

15 or laws of the United States, and of the rights secured by the Constitution or laws of the state of

16 California, including but not limited to California Constitution Article I, Section 2, 3, 7 and 13.

17       80.  There was no lawful justification for defendants to threaten, intimidate or coerce me, or

18 the putative crowd, or to attempt to use threats, intimidation or coercion to interfere with me and

19 the putative crowd's rights from being present at the scene, observing the police response.

20

21             **FREEDOM FROM VIOLENCE OR INTIMIDATION**

22                    (Civil Code Sectin 51.7)

23       81.  I reallege and incorporate herein by reference the allegations contained previously and

24 subsequently in this Complaint.

25       82.  Defendants' actions violated my rights to be free from any violence, or intimidation by

26 threat of violence, committed against my person because of political affiliation, or on account of

27 my race or ethnicity, or because defendants perceived me to have one or more of those

28 characteristics.

83. Defendants' unlawful actions were done willfully, maliciously, and with the specific intent to touch and cause me harm me without my consent.

84. As a direct and proximate consequence of defendants' actions, I suffered, and continue to suffer, physical injury, emotional trauma, and pain and suffering, and are entitled to compensatory damages for injury to my person, as well as punitive damages as permitted by law.

## PRAYER FOR RELIEF

Wherefore, I seek judgment as follows:

85. A preliminary and permanent injunction against the use of excessive force in a crowd control situation to disperse a lawful public assembly except and solely as follows:

    a.   For their use against specific aggressive, combative individuals

    b.   On suspects who are a potential physical threat to themselves or others,

    c.   On suspects armed with weapons other than firearms, or

    d.   On suspects displaying "aggressive and/or combative" actions

86. A preliminary and permanent injunction against the dispersal of a crowd based on purportedly unlawful actions of a small group of individuals unless it is impracticable to isolate those suspected of wrongdoing;

87. A preliminary and permanent injunction against the use of excessive force as a means of crowd control;

88. A preliminary and permanent injunction required compliance with California Penal Code Section 830.10, required law enforcement officers to have their badges and other identifying information clearly visible to the public at all time that they are on duty;

89. Compensatory general and special damages in an amount according to proof and as permitted by law;

90. Damages pursuant to California Civil Code Section 52

91. Exemplary damages as permitted by law against each of the individual defendants in an amount sufficient to deter and to make an example of those defendants;

92. Costs of suit;

93. Such other relief as the Court finds just and proper.

1

2 DATED: August 2, 2010                              Respectfully submitted,

3

4

5                                                    DELLA ROSHAWN RICHARDSON
                                                     Plaintiff, *In Pro Se*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  **<u>VERIFICATION</u>**

3  STATE OF CALIFORNIA                )
                                                         )
4                                                        ) ss.
                                                         )
5  COUNTY OF LOS ANGELES        )

6

7          Della Roshawn Richardson, under penalty of perjury, being first duly sworn, deposes and

8  says:

9          That I am the Plaintiff in the above-entitled action; that I have read the within **Verified**

10 **Complaint** and know the contents thereof; that the same is true of my own knowledge, except for

11 those matters therein contained stated upon information and belief, and as to those matters, I

12 believe them to be true.

13         Dated this 2nd day of August, 2010.

14

15

16 _____
    Della Roshawn Richardson

17

18

19

20

21

22

23

24

25

26

27

28

**ORIGINAL**

Name & Address:
Della Roshawn Richardson
935 E. 10th Street
Long Beach, CA 90813
213-909-4364

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DELLA ROSHAWN RICHARDSON<br><br>PLAINTIFF(S)<br><br>v.<br><br>CITY OF LONG BEACH, ~~et al. and DOES 1 through~~<br>~~10~~ See Attachment<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 5742● R6K(CW)<br><br><br>**SUMMONS** |
|---|---|

TO: DEFENDANT(S): City of Long Beach, Long Beach Police Department, Police Officers

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within ~~20~~ 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Della Roshawn Richardon (In Pro Se) , whose address is 935 E. 10th Street, # Long Beach, CA 90813 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: August 2, 2010

By: _____
CHRIS SAWYER
Deputy Clerk

(Seal of the Court)

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                                    SUMMONS

ORIGINAL

1  DELLA ROSHAWN RICHARDSON
2  P.O. BOX #452926
   Los Angeles, CA 90045
3  213-909-4364

4
5  PLAINTIFF,
   *In Pro Se*
6

FILED
BY _____
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2010 AUG -2 PM 5: 02

7        UNITED STATES DISTRICT COURT
8  CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9
10                                    Case No. CV10 5742 ·RGK(CW)
11  DELLA ROSHAWN RICHARDSON,          VERIFIED COMPLAINT
12                                     (FILED AS A RIGHT)
13                                        (1) FIRST AMENDMENT
                                          (2) SECOND AMENDMENT
14                      Plantiff,         (3) THIRD AMENDMENT
                                          (4) FOURTH AMENDMENT
15                                        (5) FIFTH AMENDMENT
                                          (6) TENTH AMENDMENT
16  v.                                    (7) THIRTEENTH AMENDMENT
                                          (8) FOURTEENTH AMENDMENT
17                                        (9) SEVENTEENTH AMENDMENT
                                          (10)   TWENTY-EIGHTH
18                                                AMENDMENT
19  CITY OF LONG BEACH, et al.,         (11)   U.S.C. §§ 241-242 & 245
    FORMER CHIEF OF POLICE             (12)   CA PENAL CODE § 149
20  ANTHONY BATTS, OFFICER URIBE J.    (13)   CA GOV. CODE § 815.2
    LORENZO, OFFICER ANDREA D.         (3) EQUAL PROTECTION DUE
21  ALLEN and DOES 1 through 10, inclusive  PROCESS
                                          CALIF. CIVIL CODE §§ 51.7, 52.1
22                                        ASSAULT AND BATTERY
23                      Defendants.     [DEMAND FOR JURY TRIAL]
24                                      Date:
                                        Time:
25                                      Dept:

26              JURISDICTION AND VENUE

26      1.  I the Plaintiff, DELLA ROSHAWN RICHARDSON, bring this action for declaratory
27  relief, injunctive relief and damages under 42 U.S.C. Sec 1983; Federal Law Title 18 of the United
28