ORIGINAL FILED

DELLA ROSHAWN RICHARDSON
P.O. BOX #452926
Los Angeles, CA 90045
213-909-4364

2010 DEC 10 PM 3:52

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

PLAINTIFF,
*In Pro Se*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

DELLA ROSHAWN RICHARDSON,

                Plaintiff,

v.

CITY OF LONG BEACH, FORMER CHIEF OF POLICE ANTHONY BATTS, OFFICER LORENZO J. URIBE, OFFICER ANDREA D. ALLEN and DOES 1 through 10, inclusive

                Defendants.

Case No. CV 10-5742-RGK(CW)
Honorable R. Gary Klausner, Judge

**NOTICE OF MOTION FOR LEAVE TO AMEND COMPLAINT, DECLARATION AND POINTS AND AUTHORITIES IN SUPPORT**

Judge: Carla Woehrle
Date: 01/11/11
Time: 10:00 A.M.
Dept: 640

Trial Date: None
Date action filed: August 2, 2010
Discovery cut-off: April 22, 2011
Motion cut-off: May 23, 2011

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS ACTION:

NOTICE IS HEREBY GIVEN that pursuant on 01/11/11 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, located at ~~312 N. Spring~~ 255 E. Temple Street, Los Angeles, CA 90012, the Plaintiff will move the Court to file an amended complaint which is attached hereto and a copy of which is served herewith.

1. This motion will be made upon the ground that it is in furtherance of justice to allow the filing of such amended complaint, and will be based upon this notice, the attached points and authorities, and the attached declaration of Della Roshawn Richardson. Notice is given to California Deputy City Attorney Howard D. Russell and the City Attorney Robert E. Shannon of the Long Beach City District Attorney's Office.

Dated: 12/09/10                                    Respectfully Submitted

*[signature]*
DELLA ROSHAWN RICHARDSON
In Pro Se

## POINTS AND AUTHORITIES

1. "The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding…The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars…". [CCP §473]

2. It is judicial policy to resolve all disputes between the parties on their merits, and to allow amendment of the pleadings to put all such disputes at issue at the time of trial.

"While a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court… <u>it is a rare case in which a court will be justified in refusing</u> a party leave to amend his/her pleadings so that he/she may properly present his/her case…If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party. It is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error, but an abuse of discretion." [Calif.

1        Cas. Gen. Ins. Co. v. Sp. Ct. (Gorgei) (1985) 173 CA3d 274, 278, 218 CR 817, 819

2        (emphasis added)]

3     3.   "The courts are vested with the discretion to allow amendments to pleadings in furtherance of justice…That courts are also to liberally permit such amendments, at <u>any</u> state of the proceeding, has been established policy in this state…resting on the fundamental policy that case should be decided on their merits." [Hirsa v. Superior Court (Vickers) (1981) 118 CA3d 486, 173 CR 418]

    4.   Where change in law subsequent to filing original complaint demonstrates possibility of recovery on new legal theory, but same general set of facts, courts should permit amendment of complaint to set forth such theory. [Marasco v. Wadsworth (1978) 21 C3d 82, 145 CR 843]

I caused this motion to be served to the Long Beach District Attorney's Office upon the Deputy City Attorney Howard D. Russell and the City Attorney Robert E. Shannon.

Dated: 12/09/10                            Respectfully submitted,

*[signature]* O.S.A.
DELLA ROSHAWN RICHARDSON
In Pro Se